<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MCKENNA, : | |
| : | Civil Action No. 12-844 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| TOWNSHIP OF SECAUCUS, ET AL., : | |
| : | |
| Defendants. : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the request to remand filed by Plaintiff Joseph McKenna. Defendants Township of Secaucus, Secaucus Police Department, Mark Schock and Kimberly Elphick (collectively, "Defendants") have opposed the request. The Court has considered the papers submitted by the parties and opts to rule on the request without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's request to remand this action.

**I.    BACKGROUND**

This action arises from allegedly abusive criminal charges filed against Plaintiff in connection with a rental apartment in Secaucus, New Jersey. Plaintiff claims that he rented a basement apartment in a house which was, unbeknownst to him, zoned as a single-family dwelling. The condition of the apartment deteriorated, and Plaintiff complained to the landlord.

However, on September 24, 2008, when Plaintiff was unable to use the shower or toilet due to sewer and plumbing problems, he was compelled to file a complaint with the Secaucus Department of Health. The Department informed Plaintiff that the apartment was illegally rented, and that he needed to vacate the space. The landlord, Ms. Schoch, filed an action in the Special Civil Part of the New Jersey Superior Court, Hudson County, for damages and non-payment of rent; Plaintiff filed an answer demanding that the case be dismissed because of the illegal tenancy.

Plaintiff vacated the apartment on October 29, 2008. The landlord, however, filed a complaint against Plaintiff for criminal mischief, claiming that he had not vacated the premises until November 11, 2008, and that the apartment was left with damage beyond normal wear and tear. Defendant Police Officer Elphick filed the complaint, based solely on Ms. Schoch's statement. On or about January 16, 2009, Plaintiff received criminal summonses from the Secaucus Police Department, charging Plaintiff with criminal mischief, and falsifying an address to mislead a public servant. Plaintiff obtained counsel to defend these charges.

After the Hudson County Prosecutor's Office advised Plaintiff's counsel that the charges would be reduced to municipal offenses, and after a change of venue, a hearing finally took place in August of 2011, at which time the Judge dismissed the charges against Plaintiff.

Plaintiff initiated this action through a Complaint filed in the Superior Court of New Jersey, Law Division, Hudson County on or about December 30, 2011, raising a 42 U.S.C. § 1983 claim for malicious abuse of process in violation of the Fourth Amendment to the United States Constitution, and state constitutional claims of malicious abuse of process, false arrest and malicious prosecution, under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. Defendants removed the action to this Court on February 14, 2012, Defendants having been

served with a copy of the Summons and Complaint on February 9, 2012. Plaintiff filed the instant "request to remand" on March 24, 2012.[1]

**II.     DISCUSSION**

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(a), which provides for removal of actions founded on claims "arising under" the laws of the United States, regardless of the citizenship of the parties. The parties have not pleaded or argued that diversity jurisdiction exists, and thus the Court will not consider that jurisdictional basis. Instead, jurisdiction here, according to Defendants, is predicated on the existence of a federal question. "The presence or absence of a federal question is governed by the well-pleaded complaint rule,

---

[1] Plaintiff did not file a formal motion to remand, but a so-called "Brief in Support of Plaintiff's Request to Remand to State Court."

which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Typically, federal question jurisdiction will lie only if the complaint pleads a federal cause of action. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149 (1918). In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved. Carrington v. RCA Global Communications, Inc., 762 F. Supp. 632, 636 (D.N.J. 1991).

Here, Defendants have clearly met their burden of showing that federal subject matter jurisdiction exists, because a federal question is presented on the face of the Complaint: Count I purports to state a claim under section 1983 for malicious abuse of legal process. Plaintiff argues that this action should nevertheless be remanded because Defendants have failed to prove "exclusive" federal jurisdiction, and because New Jersey state courts will more fairly balance the rights of the litigants in assessing Plaintiff's federal and state constitutional claims, citing Rachel v. Georgia, 384 U.S. 780 (1966). First, "exclusive" federal jurisdiction is not the standard for removal of an action from state to federal court. Removal is governed by 28 U.S.C. § 1441 which provides in subsection (a) for the removal to federal district court of "any civil action brought in a State court of which the United States have original jurisdiction . . ." Federal district courts have original jurisdiction of all civil actions "arising under" the Constitution, federal laws and treaties. 28 U.S.C. § 1331. A civil action presents a question "arising under" federal law if a federal question is apparent on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 382 U.S. at 392. The Complaint need not allege exclusively federal claims; the federal district court has jurisdiction over a properly pleaded federal claim, and may exercise

supplemental jurisdiction over related state law claims.  28 U.S.C. § 1367(a).  Here, Plaintiff's Complaint plainly alleges a federal civil rights cause of action under section 1983, and thus presents a federal question over which this Court has subjection matter jurisdiction.  Moreover, Plaintiff's citation to Rachel v. Georgia, 384 U.S. 780, is inapposite.  In that case, the Supreme Court considered the standard for removal under 28 U.S.C. § 1443, a "century-old" federal law permitting, *inter alia*, the removal of civil or criminal cases where the defendant was denied or could not enforce in the state-court tribunal his or her rights under a law providing for equal civil rights.  384 U.S. at 782-83.  Thus, the holding in Rachel is simply inapplicable here.

III.   CONCLUSION

For the reasons set forth above, Plaintiff's request for remand will be denied.  An appropriate form of Order shall be filed together with this Opinion.

                                                /s Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

Dated: April 4, 2012