<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH MCKENNA, | **Civil Action No. 12-00884 (SRC)** |
| Plaintiff, | **OPINION** |
| v. | |
| TOWN OF SECAUCUS, SECAUCUS POLICE DEPARTMENT, KIMBERLY ELPHICK, and MARK SCHOCH, | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

This matter is before the Court on the motion for summary judgment filed by Defendants Town of Secaucus, Secaucus Police Department, Kimberly Elphick, and Mark Schoch (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56(a). The Complaint in this case arises from the issuance of two criminal summonses, which charge Plaintiff Joseph McKenna ("Plaintiff") with "Criminal Mischief" and "Falsifying an Address to Mislead a Public Servant." (Compl. ¶ 12.) The Complaint alleges three separate causes of action – a violation of 42 U.S.C. § 1983 premised upon what appears to be a poorly articulated <u>Monell</u>[1] municipal liability claim; a violation of the New Jersey Civil Rights Act based on Defendants' deliberate indifference to "[P]laintiff's rights . . . to be secure in his person from false arrest to liberty and

---

[1] Defendants suggest the first cause of action sounds in <u>Monell</u>, and Plaintiff having failed to suggest an alternative legal theory, the Court finds Defendants' reading of the Complaint reasonable. The Court notes that the first count may instead be one for malicious prosecution in violation of § 1983. (<u>See</u> Compl. ¶ 25 (stating that Defendants acted to "coerce or oppress" Plaintiff "either through an intentional malicious abuse of process or the issuance of process without reason or probable cause").) As will become clear, the abject lack of record evidence to support any cause of action renders the classification of the first claim irrelevant.

due process of law and safety and personal security [sic]"; and a claim for malicious prosecution. (<u>See</u> Compl. at 6.)  Defendants move for summary judgment on all claims.  Plaintiff has failed to submit an opposition to the motion.[2]

The burden shifting analysis that governs a Rule 56 motion is well-worn.  Where the non-moving party bears the burden of proof at trial, the moving party may discharge its burden at summary judgment by "pointing out to the district court" "that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Once this initial burden is satisfied, the nonmoving party can defeat the motion only by countering with "specific facts which demonstrate that there exists a genuine issue for trial."  <u>Siegel Transfer, Inc. v. Carrier Express, Inc.</u>, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  Defendants' argument as to all three claims is essentially the same – Plaintiff has adduced no facts to advance his lawsuit, and judgment as a matter of law is appropriate.  (<u>See, e.g.</u>, Mov. Br. at 12 (regarding <u>Monell</u> claim).)

In support of their motion, Defendants have submitted Plaintiff's Answers to Interrogatories, which indicate, *inter alia*, that Plaintiff has no knowledge of elements necessary to his claims.  (<u>See, e.g.</u>, Grodeck Cert., Ex. C, at 5 (responding to question about the Township of Secaucus's alleged illegal "policy and custom" by stating that the allegation is "[u]nverifiable by plaintiff at this time, pending discovery").)  Defendants further indicate that Plaintiff has conducted no depositions (<u>see</u> Mov. Br. at 16), thus robbing the Court of any deposition testimony that might create a genuine issue of material fact in this case.  Finally, Defendants offer the sworn interrogatory answers of Defendant Kimberly Elphick, a Secaucus police officer.

---

[2] Pursuant to the motion calendar established by Local Civil Rule 78.1(a), Plaintiff's opposition was originally due on March 3, 2014.  By letter Order dated March 5, 2014 this Court *sua sponte* adjourned the motion an additional cycle to provide Plaintiff with another opportunity to file opposition papers.  [Docket Entry 41.]  Plaintiff failed to response to this Order or take advantage of the additional time.

Elphick's answers provide an evidentiary basis for the filing of the criminal charges that appear to have instigated this lawsuit.  (See Grodeck Cert., Ex. E, at 3 (indicating that Plaintiff violated N.J. Stat. Ann. § 2C:28-3(b) by falsifying his mailing address).)

Mindful that a plaintiff's failure to respond to a summary judgment motion is not by itself a sufficient reason to grant summary judgment, the Court has reviewed Defendants' arguments and all relevant record evidence.  See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  Based on this review, the Court concludes that there is no evidence in the record to discredit Elphick's explanation as to why criminal charges were filed against Plaintiff.   Indeed, after marshalling the limited record, and in light of Plaintiff's failure to submit any evidence, it is apparent that the record facts are simply insufficient to support any claim in this case.  In such a circumstance, where a party has failed "to make a showing sufficient to establish the existence of . . . element[s] essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56 "mandates the entry of summary judgment."  See Celotex, 477 U.S. at 323.  Defendants' motion will therefore be granted, and judgment entered in their favor on all claims.

An appropriate Order will be filed herewith.


         s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge


Dated: April 14th, 2014